UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

——————————————————————— )
                                                              )
KIRWAN SURGICAL PRODUCTS, INC.,     )
                                                              )
            Plaintiff,                                   )
                                                              )Civil Action No:  05-CV-10229-REK
                                                              )
                                                              )
LINK TECHNOLOGY, INC., d/b/a          )
SILVERGLIDE SURGICAL TECHNOLOGIES,)
INC.,                                                       )
                                                              )
            Defendant.                                )
——————————————————————— )

### ANSWER OF DEFENDANT LINK TECHNOLOGY, INC., d/b/a SILVERGLIDE SURGICAL TECHNOLOGIES, INC.

Defendant Link Technology, Inc. d/b/a SILVERGlide Surgical Technologies, Inc. ("SILVERGlide"), responds to the complaint as follows:

### JURISDICTION AND VENUE

1.  In response to the allegations contained in paragraph 1 of the complaint, SILVERGlide admits that plaintiff attempts to assert claims under the Copyright Act and Lanham Act, but denies that the action has any merit.  SILVERGlide further admits that plaintiff has invoked this Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and this Court's supplemental jurisdiction.

2.  SILVERGlide admits that venue is proper in this district.

### PARTIES

3.  SILVERGlide is without knowledge as to the truth of the allegations contained in paragraph 3 of the complaint and therefore denies the same.

4.    In response to paragraph 4 of the complaint, SILVERGlide admits that it is a Colorado corporation and that it has a place of business in Boulder, Colorado.

## FACTUAL BACKGROUND

5.    SILVERGlide admits that Kirwan is a manufacturer of electrosurgical devices, and that Kirwan has in the past manufactured bipolar surgical forceps. SILVERGlide lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the complaint, and, therefore, denies those allegations.

6.    SILVERGlide admits that Kirwan is a manufacturer of electrosurgical devices, and that Kirwan has in the past manufactured bipolar surgical forceps. SILVERGlide lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the complaint, and, therefore, denies those allegations.

7.    SILVERGlide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint and therefore denies the same.

8.    SILVERGlide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint and therefore denies the same.

9.    SILVERGlide denies the allegations contained in paragraph 9 of the complaint.

10.    SILVERGlide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint and therefore denies the same.

11.    SILVERGlide denies the allegations contained in paragraph 11 of the complaint.

12.    SILVERGlide admits that it began selling electrosurgical electrodes in 1998.  The remaining allegations in paragraph 12 of the complaint are denied.

13.    SILVERGlide denies the allegations contained in paragraph 13 of the complaint.

14.    SILVERGlide admits that it has used the brochure attached to the Complaint as Exhibit C since approximately October 2003.  SILVERGlide denies that the image contained in Exhibit C is substantially similar to that of the Brochure Image.

15.    SILVERGlide denies the allegations contained in paragraph 15 of the complaint.

16.    SILVERGlide denies the allegations contained in paragraph 16 of the complaint.

17.    SILVERGlide denies the allegations contained in paragraph 17 of the complaint.

18.    SILVERGlide denies the allegations contained in paragraph 18 of the complaint.

## COUNT I

19.    SILVERGlide incorporates by reference its responses to the allegations contained in the preceding paragraphs.

20.    SILVERGlide denies the allegations contained in paragraph 20 of the complaint.

21.    SILVERGlide denies the allegations contained in paragraph 21 of the complaint.

22.    SILVERGlide denies the allegations contained in paragraph 22 of the complaint.

23.    SILVERGlide denies the allegations contained in paragraph 23 of the complaint.

## COUNT II

24.    SILVERGlide incorporates by reference its responses to the allegations contained in the preceding paragraphs.

25.    SILVERGlide denies the allegations contained in paragraph 25 of the complaint.

26.    SILVERGlide denies the allegations contained in paragraph 26 of the complaint.

27.    SILVERGlide denies the allegations contained in paragraph 27 of the complaint.

28.    SILVERGlide denies the allegations contained in paragraph 28 of the complaint.

29.    SILVERGlide denies the allegations contained in paragraph 29 of the complaint.

30.    SILVERGlide denies the allegations contained in paragraph 30 of the complaint.

## COUNT III

31.    SILVERGlide incorporates by reference its responses to the allegations contained in the preceding paragraphs.

32.    The allegation contained in paragraph 32 of the complaint is a legal conclusion to which no response is required.

33.    The allegation contained in paragraph 33 of the complaint is a legal conclusion to which no response is required.

34.    SILVERGlide denies the allegations contained in paragraph 34 of the complaint.

35.    SILVERGlide admits that it has sent the brochure attached as Exhibit C to the complaint to persons or entities in the Commonwealth of Massachusetts. SILVERGlide denies any remaining allegations in paragraph 35 of the complaint.

36.    SILVERGlide denies the allegations contained in paragraph 36 of the complaint.

37.    SILVERGlide denies the allegations contained in paragraph 37 of the complaint.

38.    SILVERGlide denies the allegations contained in paragraph 38 of the complaint.

39.    SILVERGlide denies the allegations contained in paragraph 39 of the complaint.

40.    SILVERGlide denies the allegations contained in paragraph 40 of the complaint.

41.    Any allegation not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under G.L. c. 93A upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Brochure Image, in whole or in part, lacks sufficient originality to be protectable under the U.S. Copyright Act.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Brochure Image is not protectable under the Lanham Act.

### FOURTH AFFIRMATIVE DEFENSE

SILVERGlide's marketing materials are not copies of Plaintiff's Brochure Image, and are not substantially similar to Plaintiff's Brochure Image.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Brochure Image is generic, not distinctive, and is not an indication of origin to consumers.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's state law claim is preempted by the U.S. Copyright Act and the Lanham Act.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's Brochure Image is functional and/or is not inherently distinctive and has not acquired secondary meaning.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claim for statutory damages and attorneys' fees is barred by 17 U.S.C. § 412 because the alleged infringement, if any, commenced prior to the effective date of any registration for Plaintiff's Brochure Image.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiff is not entitled to an award of attorneys' fees, costs or exemplary/punitive/enhanced damages under the Lanham Act or G.L.c. 93A.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiff's trademark claim is limited to its geographic scope of use.

<u>**TENTH** AFFIRMATIVE DEFENSE</u>

SILVERGlide's alleged use of protectable elements of Plaintiff's Brochure Image, if any, is a fair use.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

SILVERGlide's alleged use of protectable elements of Plaintiff's Brochure Image, if any, occurred without any knowledge of Plaintiff's Brochure Image, with an innocent intent, and without any belief that its acts constituted infringement.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

To the extent any copyrightable subject matter exists in Plaintiff's Brochure Image, upon information and belief, Plaintiff copied this subject matter, in whole or in part, from one or more third parties.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by its misuse of copyright in the Brochure Image.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff is not the true owner of any trademark or copyright rights in the Brochure Image.

## FIFTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's copyright registration is, in whole or in part, invalid.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has abandoned or forfeited any copyright ownership, in whole or in part, in the Brochure Image.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has abandoned or forfeited any trademark right, in whole or in part, in the Brochure Image.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, acquiescence and/or laches.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches and unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, SILVERGlide respectfully requests the entry of judgment:

    a.  Dismissing claims I through III of the complaint;

    b.  Awarding SILVERGlide its attorneys' fees and costs in connection with this proceeding;

    c.  Awarding SILVERGlide such other and further relief as the Court deems just and proper.

## JURY DEMAND

**SILVERGlide requests a jury trial on all issues so triable.**


Respectfully submitted,

LINK TECHNOLOGY, INC., d/b/a
SILVERGLIDE SURGICAL
TECHNOLOGIES, INC.,

By its attorneys,

_____/s/_____
Neil P. Motenko (BBO #358160)
Scott A. McQuilkin (BBO #643328)
NUTTER, McCLENNEN & FISH, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA  02210-2604
617-439-2000

Of Counsel:

James E. Hartley
Conor F. Farley
HOLLAND & HART, LLP
555 17th Street, Suite 3200
Denver, CO  80202
(303)295-8000

Dated:  March 11, 2005


1411016.1